# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JAMES PATRICK REEDOM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SCHENECTADY COUNTY COMMUNITY COLLEGE AND PENSION PLAN,<br><br>    Defendant. | CIVIL CASE NO. 15-00014<br><br>**DECISION AND ORDER** |

After further review, the court hereby **VACATES** its previous order issued on March 31, 2017 (ECF No. 10), and issues the following decision and order:

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff claims that as a former employee of Defendant Schenectady County Community College, he is entitled to the unconditional payment of retirement benefits under the Employee Retirement Income Security Act of 1974 (ERISA), but that Defendants have unlawfully failed to disclose conditions of receipt of retirement benefits. *See* Compl. at 1-2, ECF No. 1. Plaintiff seeks

1

declaratory and injunctive relief to receive unconditional benefits. *Id.* at 7.

In order to invoke a federal court's limited jurisdiction, a plaintiff must either plead a claim "arising under the Constitution, laws, or treaties of the United States" or show that the action is between citizens of different states for an amount exceeding $75,000. 28 U.S.C. §§ 1331 and 1332. Plaintiff bases his claim upon the federal ERISA, codified at 29 U.S.C. §§ 1001 *et seq*. Thus, Plaintiff invokes federal-question jurisdiction pursuant to 28 U.S.C. §1331.

As a general rule, "[i]n a civil action where jurisdiction is not founded solely on diversity of citizenship, as is the case here, 28 U.S.C. § 1391(b)-the general federal venue statute-controls where venue is proper." *Bell v. Blue Hen Spring Works, Inc.*, 2016 WL 2587126 at *1 (M.D. Pa. Apr. 14, 2016). In the matter at bar, Plaintiff pleads venue pursuant to the specific provision in the ERISA at 29 U.S.C. §1132(e)(2). *See* Compl. at 2, ECF No. 1.

Subparagraph (e)(2) of Section 1132 of Title 29 of the United States Code provides:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

*Id.* It is clear that venue does not properly lie in this district. Defendants reside in the State of New York, which is also where the plan is administered and the breach took place. *See* Compl., at 2-3, ECF No. 1. An argument could be made that the breach took place where Plaintiff resides, which, again, is not in the District of Guam, but in Texas.

It is well recognized that "[w]here venue is improper, 28 U.S.C. §1406(a) authorizes the district court of a district in which the case is filed to either dismiss the action, or, 'if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). *Bell*, 2016 WL 2587126 at *1. As such, this court finds that transfer of this action to United States District Court for the Northern District of New York is

2

appropriate in order to "protect Plaintiff's rights as a *pro se* litigant, as a transfer would prevent any unintended prejudice to the Plaintiff that might result from dismissal on venue grounds." *Id.* (citing *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 430 (1965)).

**IT IS THEREFORE ORDERED** that the above-captioned matter (including the pending motion to proceed *in forma pauperis*) is hereby **TRANSFERRED** to the United States District Court for the Northern District of New York.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Apr 03, 2017**